IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN C. MORROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-0516-CV-W-ODS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits under the Social Security Act. After reviewing the Record and the parties' briefs, the Court reverses the Commissioner's final decision denying benefits and remands for further proceedings.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Smith v. Schweiker, 728 F.2d 1158, 1161-62 (8th Cir. 1984). There are two issues that preclude affirmance of the Commissioner's final decision.

Plaintiff's treating physician, Dr. Steve Nelson, completed a Physical Residual Functional Capacity Questionnaire in September 2004, R. at 248-52, and later provided a note indicating Plaintiff's condition had not changed as of his last visit in June 2005. R. at 265. The September 2004 Report indicates Plaintiff experiences, *inter alia*, dizziness, tremors, memory loss, and severe, intermittent headaches, R. at 248, and these symptoms would "constantly" interfere with Plaintiff's attention and concentration. R. at 249. Dr. Nelson also indicated Plaintiff could rarely lift ten to twenty pounds and occasionally lift under ten pounds. R. at 250. If this opinion were credited, Plaintiff would be unable to perform medium work. See 20 C.F.R. § 404.1567 (listing the physical demands of medium work). Elsewhere, Dr. Nelson wrote that Plaintiff "has significant resting tremors" and "has significant problems with memory loss, headaches, depression and anxiety that significantly impair his ability to work and function at a high level in society." R. at 251. Generally speaking, Dr. Nelson's treatment notes reflect similar observations and opinions.

However, the ALJ's opinion barely discusses Dr. Nelson's opinions. The ALJ concluded Dr. Nelson's reports were not entitled to significant weight because they were "inconsistent with evidence showing that claimant has no real physical impairment and has only mild cognitive loss due to a brain abscess and surgery . . . ." R. at 18. This evidence consists primarily of tests performed immediately after Plaintiff's surgery and does little to indicate any long-term effects. None of the evidence bears on Plaintiff's physical abilities, so it is inaccurate to say the Record shows no real physical impairment. Finally, the evidence is limited in scope to considering the immediate effects of the surgery and does not address other, unrelated conditions (including particularly those contributing to Dr. Nelson's assessment of Plaintiff's physical abilities). Therefore, the ALJ's characterization is inadequate because Dr. Nelson did not indicate Plaintiff's physical impairments were due to the brain abscess and resulting surgery, nor did he indicate the brain abscess and surgery were the sole contributors to Plaintiff's cognitive difficulties. In short, the ALJ's reasons for rejecting the totality of Dr. Nelson's opinions are inadequate.

2

Nonetheless, the ALJ reached several factual conclusions that are at least implicated (if not contradicted) by Dr. Nelson's reports. As noted, the ALJ found Plaintiff has no physical limitations "and can certainly perform medium work," which is contradicted by Dr. Nelson's report. The ALJ also credited the Vocational Expert's testimony that Plaintiff can perform work as an order taker and worker even though the VE testified problems with unsteadiness, dizziness and tremors could adversely affect an individual's ability to do those jobs, R. at 309-10 – which made it all the more important to render a factual finding on these matters, but none was made. While it is true Plaintiff worked for many years with several of these limitations – notably the physical limitations – he did so at a time he was able to engage in sedentary work as an accountant. The ALJ determined Plaintiff can no longer work as an accountant, but has not properly evaluated the *combined* effect of (1) Plaintiff's physical limitations and (2) the mental/emotional limitations that prevent him from working as an accountant. The Record contains evidence that seriously detracts from the ALJ's ultimate conclusion and prevents the Court from concluding substantial evidence in the record as a whole supports the conclusion.

Moreover, testimony from the Medical Expert, Dr. Benjamin Blackman, demonstrates additional information is required before an assessment can be made. When asked about Plaintiff's claims of memory loss, Dr. Blackman testified Plaintiff's medical history (including particularly the abscess and resulting surgery) could cause such a condition but "I think that would have to be documented though, and that would have to be tested, and . . . I would agree that another psychiatric evaluation and psychological tests should be undertaken, and those would include tests for organic brain disease." R. at 299. These steps were not taken. The Medical Expert essentially testified the Record was insufficient to determine whether Plaintiff suffered from the memory loss he complained of and additional testing would be necessary to make such a determination; it thus became necessary to have this testing performed before a factual finding could be made.

The Record does not contain substantial evidence supporting the Commissioner's final decision. It is also insufficient to allow the Court to conclude with

3

certainty that Plaintiff is entitled to benefits. Therefore, the final decision denying benefits is reversed and the case is remanded to the Commissioner for further proceedings. On remand, the ALJ shall consider all of the materials submitted by Dr. Nelson and determine whether and to what extent his opinions are credible or entitled to deference. The Commissioner shall also arrange for the testing described by Dr. Blackman in order to assess the nature and severity of any memory problems Plaintiff experiences. Finally, Plaintiff shall be allowed to supplement the Record with any additional medical records/reports that reflect upon his physical/mental condition and his functional abilities.

IT IS SO ORDERED.

DATE: February 23, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

4